UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| JOHN D'ALESSIO, M.D., et al. | ) | |
| | ) | |
| v. | ) | NO. 3:11-00467 |
| | ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY, et al. | ) | |

ORDER

Pending before the Court are Defendants' Motion to Dismiss (Docket No. 83), Plaintiffs'

Response in Opposition (Docket No. 92) and Defendants' Reply (Docket No. 94). For the

reasons described herein, the Motion to Dismiss (Docket No. 83) is DENIED.

Plaintiffs and Relators John D'Alessio, M.D., Alexander Fisher, M.D., and Heather

Hagerman, M.D. have filed a Complaint pursuant to the False Claims Act ("FCA"), 31 U.S.C. §

3729, et seq., and related state statutes against Vanderbilt University, Vanderbilt University

Medical Center, and the Vanderbilt Medical Group and Clinic ("Vanderbilt"), Defendants.

Plaintiffs claim Vanderbilt has submitted false bills for reimbursement under Medicare, Part B.

More specifically, Plaintiffs assert Vanderbilt submits claims that falsely reflect the presence,

supervision and direction of attending physicians in connection with the services of surgeons,

teaching physicians in ICUs and anesthesia services.

Defendants have moved to dismiss the Complaint on the grounds that the Complaint fails

to state a claim for relief, and fails to plead a FCA claim with particularity, as required by Fed.

R. Civ. P. 12(b)(6) and 9(b). Defendants also contend the Complaint should be dismissed

because of the "public disclosure bar" and Plaintiff Fisher's retaliation claim should be

dismissed.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Complaints alleging False Claims Act violations must also comply with Federal Rule of Civil Procedure  9(b)'s requirement that fraud be pled with particularity. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011). Rule 9(b) requires that in alleging fraud, a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally. *Id.* In complying with Rule 9(b), a Relator, at a minimum, must allege the time, place and content of the alleged misrepresentation,

the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud. *Id.* at 467.

## FALSE CLAIMS ACT

The FCA penalizes any person who knowingly presents or causes to be presented to an officer or employee of the U.S. government a false or fraudulent claim for payment or approval. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (citing 31 U.S.C. § 3729(a)(1)). It also penalizes any person who knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government. *Id.* A private individual, known as a realtor, may bring a civil action for a violation of the FCA, also known as a *qui tam* action, on behalf of the government. 31 U.S.C. § 3730(b)(1).

The Relator must plead with sufficient particularity that the defendants knowingly presented to the United States Government a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729; *United States ex rel. Dennis v. Health Management Associates, Inc.*, 2013 WL 146048 at * 11 (M.D. Tenn. Jan. 14, 2013).

The False Claims Act also prohibits retaliatory discharge for reporting false claims. A claim under 31 U.S.C. § 3730(h) requires proof that the Plaintiff was (1) engaged in a protected activity; (2) that his employer knew that he engaged in the protected activity; and (3) that his employer discharged or otherwise discriminated against the employee as a result of the protected activity. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).

DISCUSSION

Having reviewed the Complaint, Motion to Dismiss, and the briefs of the parties, the

Court finds that the Complaint adequately states a claim for relief and pleads violations of the

FCA with sufficient particularity. The Complaint adequately pleads state law claims for the same

reason.

The Complaint, if taken as true as required at this stage of the proceedings, is sufficient to

survive a motion to dismiss as to the existence of false claims, false records for payment,

conspiracy and reverse false claims. Fed. R. Civ. P. 12(b)(6) and 9(b); 31 U.S.C. §§

3729(a)(1)(A), (a)(1)(B), (a)(1)(C) and (a)(1)(G). Plaintiffs, for example, allege first-hand

observations of specific false billing practices and procedures. The lack of a "specific false

claim" is a very important factor to consider but it is not per se fatal to a FCA complaint where

the realtor has pled facts that create a "strong inference" of false billing practices based on

personal knowledge. *Chesbrough v. VPA, P.C.,* 655 F.3d 461, 471 (6th Cir. 2011. The Complaint

in this case is sufficient to raise a "strong inference" of purported fraud.

Defendants have also moved to dismiss the Complaint based on the "public disclosure

bar" and because Relators are not "original sources" of the information. 31 U.S.C. §§

3730(e)(4)(A) and (B). Defendants assert that Relators' claims are substantially the same as prior

publicly disclosed information in Physician at Teaching Hospital ("Path") audits by the Inspector

General of Health and Human Services. Plaintiffs assert that the Complaint adequately alleges

new claims of specific fraud that occurred starting in 2003, after the 1998 Path audit program.

More specifically, Plaintiffs argue the claims are specific to Vanderbilt during the time period

when they worked there as physicians and acquired first-hand knowledge of the fraud and steps

by Vanderbilt to avoid detection. The Court finds that the Complaint adequately pleads FCA claims that are not subject to dismissal on a Motion to Dismiss by the "public disclosure bar" or "original source" requirement. *See, e.g.*, *United States ex rel Goldberg v. Rush Univ. Med. Ctr.*, 680 F.3d 933 (6th Cir. 2012).

Finally, the Defendants have moved to dismiss the retaliatory discharge claim by Plaintiff Fisher. Defendants argue there is no connection between the purported false claims concerns expressed by Dr. Fisher and his contract not being renewed. The Court finds that Plaintiff Fisher has adequately pled a claim for retaliatory discharge under the FCA. 30 U.S.C. § 3730(h). The Complaint, for instance, alleges Dr. Fisher raised concerns about false billings, was then told to look for another job, and his contract at Vanderbilt was not renewed allegedly because of his false billing complaints. *See, e.g.*, *United States ex rel. Marlar v. BWXT Y-12, LLC,* 525 F.3d 439, 449-50 (6th Cir. 2008). This is sufficient to overcome a motion to dismiss.

The Court expresses no opinion on the merits or demerits of Plaintiffs' claims for purposes of summary judgment or trial, which are subject to different standards of review than a motion to dismiss.

This case remains scheduled for a jury trial on February 9, 2016, beginning at 9:00 a.m. and for a pretrial conference on February 1, 2016, at 9:00 a.m.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE